RECEIPT NUMBER
200 518082

ORIGINAL 

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

PATRICK JAMISON

     Plaintiff,

v.

     Case No. **04 - 74791**

     HON. ROBERT H. CLELAND

CITY OF DETROIT, FRAZIER ADAMS,
JAMES FISHER, T. KING, MARIA COX-BORROWS
ANDREW SIMS, BILLY JACKSON, HENRY ELLIS
in their individual and official capacities,

MAGISTRATE JUDGE MONA K. MAJZOUB

     Defendants.

LAW OFFICE OF McCALL & TRAINOR
BY:  CHRISTOPHER J. TRAINOR (P42449)
Attorney for Plaintiff
6557 Highland Road, Suite 105
Waterford, MI  48327
(248) 886-8650

U.S. DIST. COURT
EAST DIST. MICH.
DETROIT, PSG.
'04  DEC -8  P 2:59
FILED

## COMPLAINT AND JURY DEMAND

     **NOW COMES** Plaintiff, **PATRICK JAMISON**, by and through his attorney,

CHRISTOPHER J. TRAINOR, and for his cause of action against the Defendants, states

as follows:

    1.    Plaintiff was at all times hereto a citizen of the United States, resident of

        Wayne County, State of Michigan.

    2.    Defendant, City of Detroit, is a governmental subdivision under the laws of

        the State of Michigan.

    3.    Defendants, City of Detroit police officers, were at all times mentioned herein

        employed by the City of Detroit and were acting within the scope of their

ORIGINAL

employment, under color of law, and were assigned to the Detroit Police Department.

4.     All of the events giving rise to this lawsuit occurred in the City of Detroit, County of Wayne, State of Michigan.

5.     At all material times, Defendants acted under color of state law, statutes, ordinances, policies, procedures, and usages of the State of Michigan, County of Wayne, City of Detroit.

6.     Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. § 1343 [civil rights].

7.     Plaintiff's claims arise pursuant to federal statute 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution, the Fifth Amendment, and the statutes and common law of the State of Michigan.

## FACTS

8.     Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

9.     On or about November 22, 2001, Brian Hudson ["Decedent"] was found murdered in a house located at 13902 Monte Vista, in the City of Detroit.

10.    On the day of Decedent's death, Plaintiff and Gordon Rodman went to the house where Decedent was found.

11.    Plaintiff approached the door of the house and knocked, however no one answered.

12.    When the door was opened, the Decedent was already lying on the floor.

2

13.    Gordon then drove Plaintiff to Gordon's parent's house and Gordon then took his father to where Decedent was found dead.

14.    On December 10, 2001, Defendants came to Plaintiff's house and stated that they wanted to ask him questions about the death of Brian Hudson.

15.    That when Defendants arrived at the house, Plaintiff requested that he be allowed to call an attorney, however, Defendants refused him the request, detained him, and took him to the police station.

16.    Defendants then took Plaintiff to the police station at approximately 9:15 a.m., where Defendants explained to Plaintiff that he did not need an attorney, as he was only a witness.

17.    That Plaintiff was left to sit in the interrogation room for approximately twelve (12) hours after Plaintiff had made a written statement that he was not responsible for Decedent's death.

18.    That Plaintiff repeatedly told Defendants that he did not murder Decedent.

19.    That during the interrogation of Plaintiff, he was pushed, hit, and shoved by Defendants and was never read his rights.

20.    That on December 10, 2001, at 10:05 a.m. Defendant Cox-Borkowski took Plaintiff's statement wherein Plaintiff stated that he found Brian Hudson laying on the floor when he arrived at the house where Decedent was present.

21.    That Plaintiff's 10:05 a.m. statement was clear in that he did not commit the murder of Brian Hudson.

22.    That Plaintiff repeatedly requested to be let go.

23. That eventually, Defendants told Plaintiff that he was the one who committed the murder and that they did not believe what he had to say.

24. That throughout the day he was interrogated and was told that Defendants did not believe his story and that he committed the murder.

25. Plaintiff stated that he would take a polygraph examination, and he once again requested an attorney.

26. That at the polygraph examination, Defendants told Plaintiff that he could not have an attorney present and that there was not a need for an attorney because Plaintiff was only taking a polygraph examination.

27. That during the polygraph examination, Plaintiff was told by Defendants that he should confess to the murder and say that he and Decedent were arguing and that during the course of the argument Decedent pulled out a gun and Plaintiff shot Decedent in self-defense, and if Plaintiff did this Defendants would let him go home.

28. That after hours of intense interrogation and questioning by Defendants, Plaintiff gave a second and third statement on December 10, 2001 at 10:25 p.m. and 10:37 p.m.

29. That in the 10:25 p.m. and 10:37 p.m. witness statements, Plaintiff was coerced into stating that he and Decedent had gotten into an argument.

30. That Plaintiff was coerced into stating that as Plaintiff and Decedent were having an argument, Decedent reached for what Plaintiff thought was a weapon.

31.   That Plaintiff was coerced into stating that because Plaintiff believed Decedent was reaching for a gun to shoot him, Plaintiff shot Decedent in self-defense.

32.   In Plaintiff's coerced statement, he stated that he shot Decedent with a black 9 mm gun which could be located at a house on Washburn.

33.   At the preliminary examination on December 28, 2001, Defendant Adams stated that a gun was never recovered in the case.

34.   That although Plaintiff's coerced statement indicated that a 9 mm gun was used, the evidence/property sheet only indicated that a bolt action 22 rifle, 380 casings, and a copper jacketed bullet were found.

35.   That Plaintiff was in jail from the time of his arraignment until September 10, 2002 when he was released because a jury found him not guilty.

**COUNT I**
**VIOLATION OF THE UNITED STATES CONSTITUTION**
**FOURTH AMENDMENT, 42 U.S.C § 1983**
**WARRANTLESS SEARCH AND SEIZURE WITHOUT PROBABLE CAUSE**

36.   Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

37.   The Fourth Amendment of the United States Constitution establishes that Plaintiff has the right to be free from deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

38.   At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights and arrested Plaintiff without probable cause or exigent circumstances.

5

39.   Defendants acted unreasonably and failed in their duty when they detained/seized Plaintiff without considering the totality of the circumstances.

40.   Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

41.   Defendants are not entitled to qualified immunity because a reasonable officer would have known that a warrant or probable cause were required before Plaintiff could be arrested.

42.   Defendants are not entitled to qualified immunity for their non-testimonial manufacturing of probable cause.

43.   Defendants' illegal acts were the direct and proximate cause of Plaintiff's deprivation of liberty and illegal incarceration and prosecution.

44.   Due to Defendants' acts, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Court to award exemplary, compensatory, and punitive damages, plus costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**COUNT II**
**VIOLATION OF THE UNITED STATES CONSTITUTION**
**FOURTH AMENDMENT, 42 U.S.C. § 1983**
**RETALIATION**

45.   Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

46.   Plaintiff repeatedly told Defendants that he did not have anything to do with the murder of Decedent.

47.   That because of Plaintiff's refusal to admit to a crime he did not commit, Defendants told Plaintiff that if he would confess to shooting Decedent in self-defense, he would get off and be able to go home.

48.   After hours of intense pressure from Defendants, Plaintiff admitted to shooting Decedent in self-defense.

49.   Defendants then arrested Plaintiff for murder.

50.   As a result Plaintiff was incarcerated from on or about December 10, 2001 through on or about September 10, 2002.

51.   Defendants retaliated against Plaintiff by getting him to admit to shooting Decedent and initiating a criminal prosecution against him.

52.   Defendants knew that they falsely and recklessly built a case against Plaintiff, and this exemplifies their callous indifference to Plaintiff's life and liberty.

53.   The facts as set forth in the preceding paragraphs evidence Defendants' retaliatory practices against Plaintiff, which is a violation of Plaintiff's Fourth Amendment rights.

54.   Pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Court to award exemplary, compensatory, and punitive damages, plus costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**COUNT III**
**VIOLATION OF THE UNITED STATES CONSTITUTION**
**FOURTEENTH AMENDMENT, DUE PROCESS, 42 U.S.C. § 1983**
**RETALIATION**

55.   Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

56.     Defendants deliberately violated Plaintiff's Fourteenth Amendment Due Process rights and "shocked the conscience" when they subjected Plaintiff to hours of intense interrogation and had Plaintiff admit to a crime he did not commit by promising he could go home and then arrested and initiated criminal proceedings against him.

57.     Defendants' conduct "shocks the conscience" because they knew Plaintiff did not commit the murder but yet when Plaintiff did not confess Defendants told Plaintiff they would charge him with murder.

58.     Defendants threatened Plaintiff with retaliation that either he would confess to acting in self defense and go home, or be charged with murder and spend the rest of his life in jail.

59.     Defendants' conduct was deliberate and with malice.

60.     Therefore, pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Court to award exemplary, compensatory, and punitive damages, plus costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**COUNT IV**
**VIOLATION OF THE UNITED STATES CONSTITUTION**
**FOURTH AMENDMENT, 42 U.S.C. § 1983**
**MALICIOUS PROSECUTION**

61.     Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

62.     At all times relevant, Plaintiff was incarcerated from on or about December 10, 2001 through on or about September 10, 2002.

8

63.    As stated above, Defendants had no actual knowledge or probable cause to believe a charge of murder would succeed and acted unreasonably when they initiated a malicious prosecution of Plaintiff in which he was ultimately found not guilty by a jury.

64.    Defendants initiated the prosecution when they told Plaintiff to confess to shooting Decedent in self-defense so that he would beat the murder charge and then upon Plaintiff's confession, charged him with murder.

65.    Defendants failed to properly investigate, they manufactured probable cause, and incarcerated Plaintiff.

66.    Defendants were the initiators of Plaintiff's prosecution because they presented their unfounded and falsely manufactured facts from their negligent investigation to the prosecutor.

67.    Defendants knew they falsely and recklessly built a case against Plaintiff, and this exemplified their callous indifference to Plaintiff's life and liberty.

68.    Defendants' acts were the direct and proximate cause of Plaintiff's malicious prosecution, which is violative of Plaintiff's Fourth Amendment rights.

69.    Pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Court to award exemplary, compensatory, and punitive damages, plus costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**COUNT V**
**VIOLATION OF THE UNITED STATES CONSTITUTION**
**FOURTEENTH AMENDMENT, DUE PROCESS, 42 U.S.C. § 1983**
**MALICIOUS PROSECUTION**

70.    Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

71.    Defendants deliberately violated Plaintiff's Fourteenth Amendment Due Process rights and "shocked the conscience" because they lacked probable cause to arrest Plaintiff, failed to thoroughly investigate the matter and maliciously prosecuted Plaintiff thereby manufacturing probable cause and ignoring important facts known to them.

72.    Defendants' conduct "shocks the conscience" because they knew they lacked probable cause to arrest Plaintiff, and when Plaintiff did not confess, they threatened him with murder and then used his coerced confession to establish probable cause.

73.    Defendants' conduct was lazy, sloppy, deliberately indifferent, reckless, and malicious.  Pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Court to award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

## COUNT VI
## VIOLATION OF THE UNITED STATES CONSTITUTION
## FIFTH AMENDMENT, 42 U.S.C. 1983
## SELF-INCRIMINATION

74.    Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

75.    That the Fifth Amendment of the United States Constitution prohibits compulsory self-incrimination and/or coerced confessions.

76.    Defendants compelled Plaintiff to make self-incriminating statements by subjecting him to coercive custodial interrogations when they suggested that he admit to shooting Decedent as an act of self-defense even though Plaintiff repeatedly stated he never shot Decedent.

77.   Plaintiff's coerced self-incriminating witness statement was used during Plaintiff's preliminary examination and the trial in which he was ultimately found not guilty.

78.   That because of the coercive police activity, Plaintiff's confession was not voluntary.

79.   Pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Court to award exemplary, compensatory, and punitive damages, plus costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**COUNT VII**
**VIOLATION OF THE UNITED STATES CONSTITUTION**
**FOURTEENTH AMENDMENT, DUE PROCESS, 42 U.S.C. § 1983**
**COERCED CONFESSION**

80.   Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

81.   Defendants deliberately violated Plaintiff's Fourteenth Amendment Due Process rights and "shocked the conscience" when they coerced Plaintiff into confessing to a crime that he did not commit.

82.   Defendants' conduct "shocks the conscience" because as officers sworn to uphold the law, when Plaintiff did not confess to the murder, they told him he needed to confess or else he would spend the rest of his life in jail.

83.   Defendants told Plaintiff that if he would confess to shooting Decedent in self-defense, he would not be charged with murder and then could go home.

84.   That the Due Process Clause of the Fourteenth Amendment prohibits the admission of coerced confessions procured by means so offensive to a civilized society that they must be condemned.

85.    Defendants' conduct was deliberate, reckless, and malicious. Pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Court to award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**COUNT VIII**
**VIOLATION OF THE UNITED STATES CONSTITUTION**
**FOURTEENTH AMENDMENT, DUE PROCESS, 42. U.S.C. § 1983**
**SUBORDINATION OF PERJURY**

86.    Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

87.    Defendants deliberately violated Plaintiff's Fourteenth Amendment Due Process rights and "shocked the conscience" because they compelled Plaintiff to lie and perjure himself by stating that he shot Decedent when he did not.

88.    Defendants threatened to charge Plaintiff murder if he did not lie and confess to shooting Decedent in self-defense, which was not the truth.

89.    That the Due Process Clause of the Fourteenth Amendment prohibits the subordination of perjury because it is so offensive to a civilized society that it must be condemned.

90.    Defendants' conduct was deliberate, reckless, and malicious. Pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Court to award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**COUNT IX**
**CITY OF DETROIT'S CONSTITUTIONAL VIOLATIONS**

91.     Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

92.     Defendant, City of Detroit, acted recklessly and/or with deliberate indifference when they practiced and/or permitted customs and/or policies that resulted in their violations to Plaintiff.

93.     These customs and/or policies included, but were not limited to:

    a.     Failure to train and supervise its police officers so as to prevent violations of its citizens' constitutional rights;

    b.     Failure to supervise, review, and/or discipline police officers whom the City of Detroit knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct;

    c.     Failure to train and institute proceedings to ensure its police officers would conduct proper, thorough, and legal investigations of crimes;

    d.     Failure to train officers and institute policy against falsifying evidence;

    e.     Having a custom and/or policy of arresting witnesses to get them to cooperate;

    f.     Having a custom and/or policy of retaliating against citizens;

    g.     Having a custom and/or policy of coercing confessions out of citizens;

    h.     Having a custom and/or policy of false arrest and imprisonment of certain suspects and/or witnesses who did not provide a certain level of cooperation to City of Detroit police officers.

94.     Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

95.     Defendants' indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's pain and suffering, humiliation, embarrassment, and mental anguish.

96.     For the above reasons, Plaintiff respectfully requests this Court to award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interests, and attorney fees as set forth in 42 U.S.C. § 1983 and § 1988.

<u>**COUNT X**</u>
<u>**GROSS NEGLIGENCE**</u>

97.     Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

98.     Defendants were acting as employees of the City of Detroit Police Department and had a duty to perform their employment activities so as not to endanger or cause harm to Plaintiff.

99.     Notwithstanding these duties, Defendants breached their duties when with indifference and gross negligence and without regard to Plaintiff's constitutional rights and welfare, they arrested Plaintiff without probable cause, the maliciously manufactured probable cause to suit their purpose which was used to prosecute Plaintiff and otherwise retaliate against him and coerce a confession.

100.    Defendants had complete control over the case, who they would investigate, what evidence they would collect, what leads they would investigate, what

they would do with the results of the evidence, and therefore, ultimately, they had complete control over whether Plaintiff was accused, arrested, and tried.

101.   Defendants breached their duty by failing to properly investigate a murder when they ignored and/or manufactured facts known to them.

102.   Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

103.   Defendants' indifferent and grossly negligent acts and/or omissions were the direct and proximate cause of Plaintiff's pain and suffering, humiliation, embarrassment, and mental anguish.

104.   For the above reasons, Plaintiff respectfully requests this Court to award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interests, and attorney fees.

## COUNT XI
## FALSE ARREST/FALSE IMPRISONMENT

105.   Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

106.   Pursuant to the above-mentioned facts, Plaintiff's arrest was illegal and not based on probable cause.

107.   At all relevant times, Defendants acted under color of law when they intentionally and with malice falsely arrested and/or falsely imprisoned Plaintiff without actual knowledge or probable cause to believe that Plaintiff was guilty of any criminal activity throughout the pendency of the criminal charges against him.

108.   Defendants lacked sufficient information or evidence to establish probable cause before or after they arrested Plaintiff to the day of Plaintiff's acquittal nine months later.

109.   For the above reasons, Plaintiff respectfully requests this Honorable Court to award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees.

## COUNT XII
## MALICIOUS PROSECUTION

110.   Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

111.   Defendants initiated a criminal prosecution against Plaintiff that terminated in Plaintiff's favor.

112.   Defendants lacked probable cause and maliciously prosecuted Plaintiff instead of doing their duty and properly investigating all the information available to them.

113.   Defendants maliciously prosecuted Plaintiff because at the time of his arrest and continuing through the end of the trial in which he was acquitted, Defendants lacked probable cause to believe that Plaintiff committed the crime and failed to thoroughly investigate information provided to them by various individuals.

114.   Defendants could not link Plaintiff to the crime with the exception of Plaintiff's coerced statement done twelve hours after his initial encounter with Defendants in which he confessed to shooting Decedent in self-defense.

115.    Defendants lacked probable cause to arrest and prosecute, so they maliciously fabricated false evidence by coercing and/or influencing Plaintiff to give a false statement to incriminate himself.

116.    Defendants knowingly provided this false statement and information to the court and prosecutor knowing that it would be used to prosecute Plaintiff.

117.    For the above reasons, Plaintiff respectfully requests this Court to award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees.

## COUNT XIII
## ASSAULT & BATTERY

118.    Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

119.    At all material times herein, the physical contact and/or the threat of contact was inflicted upon Plaintiff by Defendants.

120.    That the physical contact and/or threat of physical contact was unnecessary and excessive and furthermore the physical contact and/or threat of physical contact was without probable cause or legal justification whatsoever.

121.    As a proximate result of the assault and battery described above on the Plaintiff by Defendants, Plaintiff sustained damages.

122.    That Defendants' actions were so egregious and so outrageous that the Plaintiff's damages were heightened and made more severe that this Plaintiff is entitled to exemplary damages.

## DAMAGES AND RELIEF REQUESTED

123.   Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

124.   According to the aforementioned facts as previously stated, Defendants violated Plaintiff's rights as established by the Fourth, Fourteenth, and Fifth Amendments of the United States Constitution, and common law and state laws.

125.   Defendants are the direct and proximate cause of the aforementioned violations and unlawful acts against Plaintiff, and pursuant to 42 U.S.C. § 1983, Plaintiff has suffered the following injuries:

- Emotional and psychological injury;
- Lost wages;
- Out-of-pocket losses;
- Lost earning capacity;
- Nine months of unnecessary and illegal incarceration;
- Humiliation, anxiety, fear, and embarrassment;
- Injury to reputation;
- Loss of self-worth;
- Physical and economic loss relative to court proceedings;
- Loss of quality and enjoyment of life;
- Attorney fees as set forth in 42 U.S.C. § 1988;
- Other damages and injuries.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to award an amount that is fair, just, and reasonable against Defendants for exemplary, compensatory,

and punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000) together with interests, costs, and attorney fees pursuant to 42 U.S.C. § 1988.

Respectfully Submitted,

LAW OFFICE OF McCALL & TRAINOR

BY: CHRISTOPHER J. TRAINOR (P42449)
Attorney for Plaintiff
6557 Highland Road, Suite 105
Waterford, MI  48327
(248) 886-8650

Dated:  December 3, 2004
CJT/scc

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PATRICK JAMISON

     Plaintiff,

v.

CITY OF DETROIT, FRAZIER ADAMS,
JAMES FISHER, T. KING, MARIA COX-BORKOWSKI,
ANDREW SIMS, BILLY JACKSON, HENRY ELLIS
in their individual and official capacities,

     Defendants.

04-74791
HON.
ROBERT H. CLELAND

LAW OFFICE OF McCALL & TRAINOR
BY:  CHRISTOPHER J. TRAINOR (P42449)
Attorney for Plaintiff
6557 Highland Road, Suite 105
Waterford, MI  48327
(248) 886-8650

___

### JURY DEMAND

   Plaintiff hereby demands a trial by jury on all issues so triable as a matter of law.

       Respectfully Submitted,

       LAW OFFICE OF McCALL & TRAINOR


       BY:
       CHRISTOPHER J. TRAINOR (P42449)
       Attorney for Plaintiff
       6557 Highland Road, Suite 105
       Waterford, MI  48327
       (248) 886-8650

Dated:  December 3, 2004
CJT/sec

JS 44 11/99

## CIVIL COVER SHEET COUNTY IN WHICH THIS ACTION AROSE: Wayne

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**04 - 74791**

### I. (a) PLAINTIFFS

Patrick Jamison

**DEFENDANTS**

City of Detroit, Frazier Adams, James Fisher, T. King, Maria Cox-Borkowski, Andrew Sims, Billy Jackson, Henry Ellis

(b) County of Residence of First Listed   Wayne
26163

County of Residence of First Listed   Wayne

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(C) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)   ROBERT H. CLELAND

Christopher J Trainor
6557 Highland Rd. Suite 105
Waterford MI 48327        (248) 886-8650

MAGISTRATE JUDGE MONA K. MAJZOUB
74791

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item 111)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment and Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault Libel And Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury | **PERSONAL INJURY**<br>[ ] 362 Personal Injury- Med. Malpractice<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21:881<br>[ ] 630 Liquor Laws<br>[ ] 640 R.R. & Truck<br>[ ] 650 Airline Regs.<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 840 Trademark | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce/ICC<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced & Corrupt Organizations<br>[ ] 810 Selective Service<br>[ ] 850 Securities/Com mod ities/ Exchange<br>[ ] 875 Customer Challenge 12 USC 3410<br>[ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 444 Welfare<br>[X] 440 Other Civil Rights | [ ] 510 Motions to Vacate Sentence Habeas Corpus:<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt. Relations<br>[ ] 730 Labor/Mgmt. Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Empl. Ret. Inc. Security Act<br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS-Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[ ] 950 Constitutionality of State Statutes<br>[ ] 890 Other Statutory Actions |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC 1983

### VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23      $ DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

### VIII. RELATED CASE(S) (See Instructions):
IF ANY        JUDGE        DOCKET NUMBER

DATE
12.8.04

SIGNATURE OF ATTORNEY OF RECORD
Christopher J Trainor

## PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                         ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other     ☐ Yes
            court, including state court? (Companion cases are matters in which ☒ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes : _____