# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PATRICK JAMISON,

       Plaintiff,

      v.                                                    Case No. 04-CV-74791-DT

CITY OF DETROIT, FRAZIER ADAMS,
JAMES FISHER, TAWNYA KING, MARIA
COX-BORKOWSKI, ANDREW SIMS, BILLY
JACKSON, HENRY ELLIS, in their individual
capacities,

       Defendants.

_____/

## ORDER GRANTING DEFENDANTS'
## MOTION TO COMPEL PSYCHIATRIC MEDICAL EXAMINATION

Before the court is Defendants' "Motion to Compel Psychiatric Medical

Examination."  In their motion, Defendants seek to compel a psychiatric evaluation

under Fed. R. Civ. P. 35(a).  Pursuant to Fed. R. Civ. P. 35(a):

> When the mental or physical condition (including the blood group) of a
> party or of a person in the custody or under the legal control of a party, is
> in controversy, the court in which the action is pending may order the party
> to submit to a physical or mental examination by a suitably licensed or
> certified examiner or to produce for examination the person in the party's
> custody or legal control.  The order may be made only on motion for good
> cause shown and upon notice to the person to be examined and to all
> parties and shall specify the time, place, manner, conditions, and scope of
> the examination and the person or persons by whom it is to be made.

Fed. R. Civ. P. 35(a).

Plaintiff does not dispute the legitimacy of a psychiatric medical examination

under Fed. R. Civ. P. 35(a), but upon Defendants' request for such an examination

Plaintiff refused to comply.  Instead, Plaintiff conditioned any possible compliance on his

demand that the examination be recorded by a third person.  The examination was therefore cancelled.

Plaintiff states a general distrust of the psychiatric examiner, and provides transcript comparisons to that examiner's summary in one earlier case to support his argument that the examiner made "flagrant misrepresentations" in his report.  Plaintiff argues the point with invective and attribution to the examiner of hidden motivations,[1] but cites no persuasive basis for the assertion that anything was misrepresented in the examiner's report.  The court's review of the cited portions of the report reveals mostly grammatically-improved paraphrasing of the examinee's statements, and nothing remarkable compared to the transcript.  There is certainly nothing approaching the magnitude of misfeasance or perfidy that would be required to persuade the court to mandate a neutral observer in the examination room between the examiner and examinee.  If the court were to grant Plaintiff's demands in this instance, the court can imagine no end to similarly-based demands by Plaintiffs and Defendants for third-party observation of most medical examinations of litigants.

There is no valid basis presented to the court that a third person should be required to be present during an examination to record the events; moreover, there has been no realistic basis presented to justify Plaintiff's demand for an observer in the first instance.

---

[1] "This was clearly an attempt to make the examinee look like a liar . . . ."  (Pl.'s Resp. at 9-10.); "Clearly, Dr. Mercier wanted the examinee to look like a liar and malingerer . . . ."  (*Id*. at 11.); "It is evident that Dr. Mercier to wanted to portray the examinee as lazy and unable to hold down a job . . . ."  (*Id*. at 13.)

2

IT IS ORDERED that Defendant's "Motion to Compel Psychiatric Medical Examination" [Dkt. # 21] is GRANTED.  No third-party presence condition shall be required, although third parties may be permitted in the sole discretion of the examiner. The examination is to be scheduled as to time, duration, circumstances and location at the direction and expense of Defendants' counsel, provided that Plaintiff is responsible for his own transport to the place of examination.  No further delay or recalcitrance on the part of Plaintiff will be permitted without sanctions, potentially including issue preclusion, being assessed.

IT IS FURTHER ORDERED, pursuant to Fed. R. Civ. P. 37, that Plaintiff pay Defendants' reasonable fees and expenses in the preparation and presentation of the instant motion.  The parties are directed to agree on the appropriate amount and timing of such payment not later than **September 14, 2005**, or, failing to reach such agreement, Defendant's counsel is directed to present to the court a proposed bill of costs for review and approval in whole or in part not later than **September 21, 2005.**

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 9, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 9, 2005, by electronic and/or ordinary mail.

 S/Lisa G. Wagner
 Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\DEM\Opinions and Orders\04-74791.JAMISON.GrantingMotionToCompel.wpd

3